**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose ANDRADE–MORENO,**
**Defendant–Appellant.**

No. 06–1375.

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2007.

Decided July 26, 2007.

Mark R. Niemeyer, Office of the United States Attorney Civil Division, Fairview Heights, IL, for Plaintiff–Appellee.

Jose Andrade–Moreno, Safford, AZ, pro se.

Clinton R. Wright, Roberts Law Firm, Chesterfield, MO, for Defendant–Appellant.

Before Hon. WILLIAM J. BAUER, Circuit Judge, Hon. RICHARD D. CUDAHY, Circuit Judge and Hon. MICHAEL S. KANNE, Circuit Judge.

### ORDER

Jose Andrade–Moreno pleaded guilty to conspiring to distribute marijuana. *See* 21 U.S.C. § 841(a)(1). The drug amount exceeded 1000 kilograms and Andrade–Moreno already had a prior conviction for a felony drug offense, so the district court sentenced him to the statutory minimum of 120 months. *See* 21 U.S.C. § 841(b)(1)(B). Andrade–Moreno appeals, but his attorney moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any nonfrivolous ground for appeal. We invited Andrade–Moreno to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Our review is limited to the points discussed in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

In his supporting brief, counsel considers only whether Andrade–Moreno might argue under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that the district court was not authorized to impose the statutory minimum without first requiring the government to prove his prior conviction beyond a reasonable doubt. But it is well-established that a district court may make factual findings

at sentencing concerning a defendant's criminal history that subject him to an increased penalty, and those facts need not be admitted or proved to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Williams,* 410 F.3d 397, 401–02 (7th Cir.2005). *Apprendi* and *Blakely* left the holding in *Almendarez-Torres* undisturbed and, in any event, neither case is implicated when, as here, the sentence imposed does not exceed the statutory maximum. *See Harris v. United States,* 536 U.S. 545, 566–67, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); *Williams,* 410 F.3d at 402. We thus agree with counsel that it would be frivolous to argue that the district court improperly sentenced Andrade–Moreno to the statutory minimum term of imprisonment.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.